IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | ) | CASE NO: 1:10-cv-1474 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | VECCHIARELLI |
| | ) | |
| POTOPSKY *et al.*, | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| Defendant. | ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge upon

consent of the parties.  (Doc. No. 13.)  Before the Court is Plaintiff, Joe Hand

Promotions, Inc.'s ("Plaintiff"), Motion for Summary Judgment ("Motion").  (Doc. No. 14.)

Defendants, Patrick J. Potopsky and Parma Blue, Inc. (collectively "Defendants"),

alleged alter egos of the Blue Moose Eatery, have not opposed.  For the reasons set

forth below, Plaintiff's Motion is GRANTED in part and DENIED in part; that is,

summary judgment is granted on Count One, but denied as to Count Two.

## I.    BACKGROUND

### A.    Factual Background

Plaintiff has offered the following facts, which Defendants have not disputed. Plaintiff owned the exclusive rights to exhibit and distribute to commercial establishments throughout Ohio the closed-circuit telecast of a July 5, 2008, martial arts competition known as *Ultimate Fighting Championship 86:  Quinton Jackson v. Forrest Griffin*, including undercard and preliminary bouts ("the Event").  The closed-circuit broadcast of the Event was not intended for general public use, but was transmitted privately for use solely by those who purchased from Plaintiff the right to display the Event.  Plaintiff transmitted the Event by satellite, and the signal was electronically coded or scrambled.

In an effort to police its broadcast of the Event to prevent establishments from receiving and displaying the Event without purchasing the right to do so, Plaintiff hired private investigators to visit certain commercial establishments to determine whether those establishments were displaying the Event without the right to do so.  One of Plaintiff's investigators, Roland E. Georgi, visited the Blue Moose Eatery, located at 5513 Ridge Road in Parma, Ohio, on the evening of July 5, 2008.  The Blue Moose Eatery was open for business.  Mr. Georgi observed that the Blue Moose Eatery had an occupancy capacity of approximately 175 persons, and that the Event was being displayed to between 61 and 64 patrons on a projection television screen.

Defendants operated the Blue Moose Eatery; however, Defendants did not purchase from Plaintiff the right to receive and display the Event.  Plaintiff alleges, and

Defendants have not disputed, that Defendants displayed the Event willfully and for direct or indirect commercial advantage.

### B.    Procedural Background

On July 2, 2010, Plaintiff filed its complaint, which asserts three Counts:  (1) a violation of 47 U.S.C. Section 605; (2) a violation of 47 U.S.C. Section 553; and (3) conversion.  (Doc. No. 1.)  On January 6, 2011, Defendants answered.  (Doc. Nos. 8, 9.)

On May 13, 2011, Plaintiff filed its Motion for Summary Judgment.  (Doc. No. 14.)  In its Motion, Plaintiff seeks Judgment on Counts One and Two; and attorney's fees, costs, and $35,000 in statutory damages for Defendants' violation of 47 U.S.C. Section 605.  Plaintiff does not seek summary judgment on Count Three.

On May 17, 2011, the Court held a telephone conference with the parties wherein Defendants' counsel indicated that Defendants might file for bankruptcy. (Minutes 5/17/11, Doc. No. 15.)  The Court reminded Defendants' counsel that any impending bankruptcy filing would not excuse Defendants from responding in opposition to Plaintiff's Motion before the bankruptcy petition was actually filed. (Minutes 5/17/11, Doc. No. 15.)  Defendant's response was due within thirty (30) days of the filing of Plaintiff's Motion, on or before June 13, 2011.  Defendants neither filed a response, nor sought an extension of time to file a response.

## II.    LAW & ANALYSIS

### A.    Summary Judgment Standard of Review

Summary judgment is appropriate where there are no genuine issues of material

fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).  The moving party can meet this burden in two ways:  by presenting sufficient evidence to indicate there is no genuine issue of material fact; or by arguing that the nonmoving party, after adequate time for discovery, fails to show sufficient evidence to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial. *See Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).  The nonmoving party has an affirmative duty to direct the court's attention to specific evidence upon which it seeks to rely. *Al-Qudhai'een v. Am. W. Airlines, Inc.*, 267 F. Supp. 2d 841, 845 (S.D. Ohio 2003) (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)).  The lack of such a response by the nonmoving party may result in an automatic grant of summary judgment. *Reeves v. Fox Television Network*, 983 F.Supp. 703, 709 (N.D. Ohio 1997).

In reviewing summary judgment motions, a court must view the evidence in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Pachla v. Saunders Sys., Inc.*, 899 F.2d 496, 498 (6th Cir. 1990).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S.

242, 248 (1986). The determination of whether a factual issue is "genuine" requires

consideration of the applicable evidentiary standards. Thus, in most civil cases the

Court must decide "whether reasonable jurors could find by a preponderance of the

evidence that the [nonmoving party] is entitled to a verdict." *Id.* at 252.

In addition, the Court does not weigh the evidence or make credibility

determinations. *Joostberns v. United Parcel Services, Inc.*, 166 F. App'x 783, 787 (6th

Cir. 2006). However, the mere existence of a scintilla of evidence in support of the

nonmoving party's position will be insufficient; there must be evidence on which the jury

could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49. In other

words, the court should determine whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law. *Id.* at 251.

### B.     Count One:  47 U.S.C. Section 605

Plaintiff argues that Defendants violated 47 U.S.C. Section 605 by receiving and

displaying the Event without Plaintiff's authorization. Section 605 prohibits the

unauthorized interception of satellite communications.[1] *United States v. One Macom*

---

[1] 47 U.S.C. Section 605(a) provides the following:

> Except as authorized by chapter 119, Title 18, no person receiving,
> assisting in receiving, transmitting, or assisting in transmitting, any
> interstate or foreign communication by wire or radio shall divulge or
> publish the existence, contents, substance, purport, effect, or
> meaning thereof, except through authorized channels of transmission
> or reception, (1) to any person other than the addressee, his agent,
> or attorney, (2) to a person employed or authorized to forward such
> communication to its destination, (3) to proper accounting or
> distributing officers of the various communicating centers over which
> the communication may be passed, (4) to the master of a ship under

*Video Cipher II, SN A6J050073*, 985 F.2d 258, 260 (6th Cir. 1993); *Joe Hand*

*Promotions, Inc. v. Easterling*, No. 4:08-cv-1259, 2009 WL 1767579, at *4 (N.D. Ohio

June 22, 2009) (Gallas, M.J.) (citing *One Macom*, 985 F.2d at 260).  Plaintiff has

presented the affidavit of Joe Hand, Jr., Plaintiff's President, as evidence of Plaintiff's

exclusive rights to exhibit and distribute the Event to commercial establishments in

Ohio, and Defendants' failure to purchase the rights to display the Event.  (Pl.'s Mot. Ex.

B, Doc. No. 14 Attach. 2.)  Plaintiff has presented the affidavit of Roland E. Georgi,

Plaintiff's private investigator, as evidence that Defendants displayed the Event on July

5, 2008, to between 61 and 64 patrons on a projection television screen.  (Pl.'s Mot. Ex.

---

whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.  This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

27 U.S.C. § 605(a).

-6-

A, Doc. No. 14 Attach. 1.)  Plaintiff's evidence is sufficient to establish the violation

alleged in Count One.  Defendants have not presented any evidence in response to

show that there is a genuine issue of material fact for trial.  Therefore, Plaintiff's motion

for summary judgment on Court One for a violation of 47 U.S.C. Section 605 is granted.

### C.     Count Two:  47 U.S.C. Section 553

Plaintiff argues that Defendants violated 47 U.S.C. Section 553 by receiving and

displaying the Event without Plaintiff's authorization.  Section 553 provides the

following:

> No person shall intercept or receive or assist in intercepting or receiving any
> communications service offered over a cable system, unless specifically
> authorized to do so by a cable operator or as may otherwise be specifically
> authorized by law.

§ 553(a)(1).  Section 553 prohibits the unauthorized interception of communications

traveling through cable wires rather than communications traveling through the air via

satellite.  *Cablevision of Mich., Inc. v. Sports Palace, Inc.*, 27 F.3d 566 (Table), 1994

WL 245584, at *3 (6th Cir. June 6, 1994) ("In light of the legislative history, Section

605(a) may be read as outlawing satellite signal piracy, while Section 553 bans only the

theft of programming directly from a cable system."); *accord Charter Commc'ns Entm't*

*I, DST v. Burdulis,* 460 F.3d 168, 172-73 (1st Cir. 2006)*; TKR Cable Co. v. Cable City*

*Corp.*, 267 F.3d 196, 207 (3d Cir. 2001); *United States v. Norris*, 88 F.3d 462, 469 (7th

Cir. 1996).  Plaintiff has argued that it transmitted the Event via satellite, and that

Defendants intercepted and received that satellite signal without authorization; Plaintiff

has not argued that Defendants intercepted and received the transmission from cable

wires.  Accordingly, Plaintiff has failed to show that there is no genuine issue of material

fact and that it is entitled to Judgment as a matter of law on Count Two for violation of

47 U.S.C. Section 553.  Therefore, Plaintiff's motion for summary judgment on Count

Two for violation of 47 U.S.C. Section 553 is denied.

### D.      Plaintiff's Request for Reasonable Attorney's Fees, Costs, and Statutory Damages

Plaintiff requests attorney's fees, costs, and $35,000 in damages for Defendants'

violation of 47 U.S.C. Section 605.  If an aggrieved party prevails on its claim for a

violation of Section 605(a), the court shall award the aggrieved party reasonable

attorney's fees and costs.  § 605(e)(3)(B)(iii).  Plaintiff has attached to its Motion an

affidavit and billing statement from its counsel, Mr. Jeffrey L. Koberg, wherein Mr.

Koberg avers that he spent six hours working on this case and billed Plaintiff at a rate of

$250 per hour, for a total of $1,500 in attorney's fees.  (Doc. No. 14 Attach. 3.)  The

Court finds counsel's hours and billing rate, and Plaintiff's total requested attorney's

fees reasonable.  Accordingly, Plaintiff shall be awarded $1,500 in attorney's fees.

Although Plaintiff requests costs pursuant to Section 605, Plaintiff has not

specified or pointed to any evidence of the amount of costs it incurred in pursuing its

claim under Section 605.  Accordingly, there is no basis for an award of costs.

If an aggrieved party prevails on its claim for a violation of Section 605(a), the

court may award damages in the form of either actual damages suffered from the

violation, or statutory damages—whichever the aggrieved party elects.  §§

605(e)(3)(B)(ii), 605(e)(3)(C)(i).  Here, Plaintiff has elected to pursue statutory

damages.  Generally, an aggrieved party may recover between $1,000 and $10,000 in

principal statutory damages for each violation of Section 605(a), as the court deems

-8-

just.  § 605(e)(3)(C)(i)(II).  If the court finds that the violation of Section 605(a) was

committed willfully and for the purposes of direct or indirect commercial advantage or

private financial gain, the court may, in its discretion, award additional, "enhanced"

statutory damages in an amount no greater than $100,000.  § 605(e)(3)(C)(ii).  Here,

Plaintiff seeks $35,000 in statutory damages, which appears to be comprised of the

maximum amount of principal statutory damages—$10,000—and an additional $25,000

in enhanced statutory damages.

When determining an appropriate award of principal statutory damages, courts

may consider the price a defendant would have had to pay to obtain the right to receive

and display a broadcast, and the plaintiff's cost to monitor and investigate its

broadcasting rights.  *See* *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 918

(6th Cir. 2001); *King Pay-Per-View, Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 509, 515

(E.D.N.Y. 2006).  Plaintiff has provided evidence that it would have cost Defendants

$1,100 to purchase the right to receive and display the Event.  (Doc. No. 14 Attach 2,

Ex. 1.)  Plaintiff has not explained how much it cost Plaintiff to investigate compliance

with its broadcasting rights.  Plaintiff seeks the maximum amount of principal statutory

damages, however, based on various other factors such as Defendants'

establishment's location in an urban area and deterrence of future violations.  Plaintiff

places particular significance on the allegation that Defendants displayed the Event on

fifteen television screens (Pl.'s Mot. 10, 13); however, Mr. Georgi averred in his affidavit

that he observed the Event being displayed on only one television screen.  (Georgi Aff.

at 1, Doc. 14 Attach 1).  Based on the circumstances of this case and the evidence

provided by Plaintiff, the Court concludes that an award of principal statutory damages

for Defendants' violation of Section 605(a) is warranted.  The Court will determine the total amount of principal statutory damages after all of Plaintiff's claims are resolved.

Plaintiff has not adduced sufficient evidence to support its request of enhanced statutory damages.  To obtain enhanced statutory damages, a plaintiff must show that the defendant acted both wilfully, and for commercial advantage or private financial gain.  *Easterling*, 2009 WL 1767579, at *6.  Evidence of a wilful violation of Section 605 includes repeated violations of such a statute over time, or other egregious circumstances.  *Id.*  Evidence of a purpose to obtain commercial advantage or private financial gain includes charging a cover, advertising the broadcast at issue, increasing food and beverage prices, or filling an establishment to capacity.  *Id.*  Plaintiff has not provided any such evidence of a wilful violation for commercial advantage or private financial gain; accordingly, enhanced statutory damages are not warranted.  *But see Joe Hand Promotions, Inc. v. McBroom*, No. 5:09-cv-276 (CAR), 2009 WL 5031580, at *5 (M.D. Ga. Dec. 15, 2009) ("[T]he Court finds that Defendants' broadcast of the Program without Plaintiff's authorization is enough to show a willful violation committed for the purpose of direct or indirect financial gain.").

In sum, for Defendants' violation of 47 U.S.C. Section 605(a), Plaintiff shall be awarded $1,500 in attorney's fees and an amount of principal statutory damages that will be determined when all of Plaintiff's claims are resolved.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be GRANTED in part and DENIED in part.  Plaintiff's motion for summary judgment on its

claim for a violation of 47 U.S.C. Section 605 is GRANTED; Plaintiff's motion for

summary judgment on its claim for a violation of 47 U.S.C. Section 553 is DENIED;

Plaintiff shall be awarded $1,500 in attorney's fees; and Plaintiff shall be awarded

statutory damages that will be determined when all of Plaintiff's claims are resolved.


s/ *Nancy A. Vecchiarelli*
U.S. MAGISTRATE JUDGE


Date: July 6, 2011